# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7993 | **DATE** | 3/30/2004 |
| **CASE TITLE** | USA vs. Karamuzis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby denies the defendant's motion to dismiss. All previously set dates are to stand. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 3 0 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 26 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MW | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**MAR 3 0 2004**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 02 C 7993
)
ANTHONY KARAMUZIS, )
DEPAUL UNIVERSITY, and the )
ILLINOIS STUDENT ASSISTANCE )
COMMISSION, )
)
Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Anthony G. Karamuzis' ("Karamuzis") motion to dismiss. For the reasons stated below we deny the motion to dismiss.

## BACKGROUND

Plaintiff United States of America alleges that Karamuzis applied to the U.S. Department of Education ("UDE") for a federal direct consolidation loan application and promissory note to consolidate his school loans totaling approximately $46,000.

1



Plaintiff alleges that Karamuzis used the loans to finance his legal education. After the UDE purchased Karamuzis' loan from DePaul University ("DePaul"), DePaul sent a promissory note to Karamuzis marked "paid in full." UDE also purchased a loan from the Illinois Student Assistance Commission ("Commission") and the Commission sent a promissory note to Karamuzis marked "paid in full." Plaintiffs allege that Karamuzis never made a single payment to UDE on the consolidated loan and in May of 2001 Karamuzis filed a claim for injunctive relief to prevent the UDE from taking action against Karamizis for non-payment. On May 6, 2002 Judge Leinenweber entered a declaratory judgment indicating that no valid contract existed between Karamuzis and UDE and prohibiting the UDE from attempting to enforce or collect the subject loan. Plaintiff alleges that on August 8, 2002 Karamuzis contacted DePaul and indicated that he would not sign a new promissory note to DePaul and indicated that he would not repay the amount of the loan even if DePaul took the loan back from UDE. Plaintiffs contend that Karamuzis has not made full payment of his law school loans to UDE, DePaul, or the Commission. Plaintiffs bring the instant action based upon the doctrine of unjust enrichment.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences

that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 444-45 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

# DISCUSSION

## I. Jurisdiction

Karamuzis argues that we lack subject matter jurisdiction because Judge Leinenweber held that the only basis for jurisdiction in the case before him was the Higher Education Act in 20 U.S.C. §1087 and that the Act was not applicable because there was no binding contract between Karamuzis and UDE. Plaintiff contends that we have subject matter jurisdiction under 28 U.S.C.§ 1345 and 28 U.S.C. § 1355. We do not agree that 28 U.S.C. 1355 is applicable because it provides exclusive jurisdiction in the federal courts for the "recovery or enforcement of any fine, penalty, or forfeiture . . . incurred under any Act of Congress . . . ." In the instant case Plaintiffs are limited to equitable remedies rather than statutory remedies and Plaintiffs cannot seek to enforce the contractual obligations of the education loans. However, 28 U.S.C. § 1345 states that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ." The instant suit was commenced by the United States and thus the statutory provision provides a basis for jurisdiction. 28 U.S.C. § 1331.

II. Res Judicata

Karamuzis argues that the instant case is barred under the doctrine of *res judicata* because of the May 6, 2002 order issued by Judge Leinenweber. Under the doctrine of *res judicata* the parties in a suit and their privies are prohibited from relitigating a matter that was decided on the merits by a court of competent jurisdiction and resulted in a final judgment on the merits. *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 180 (7th Cir. 1994). The doctrine precludes relitigation of all matters offered to support or defeat the claim in the prior litigation and all matters that could have been offered to support or defeat the claim. *Id.* The elements for res judicata are: 1) final judgment, 2) identity of the cause of action, and 3) identities of parties or privies in the suits. *Id.*

Plaintiff argues that the parties are not identical in this action and the action before Judge Leinenweber. Plaintiff argues that the United States is not the same as the UDE and therefore there is not an identity of parties. However, the court notes that there is privity between Plaintiff and UDE. Plaintiff United States has not alleged facts that indicate that it is pursuing a separate claim in its own right. Although, Plaintiff is not technically the same entity as the UDE, Plaintiff states in its complaint that it is "acting on behalf of the U.S. Department of Education." (Compl. 3). Plaintiff is properly deemed to be an agent of the UDE claim and there is an identity of the parties.

5

There is also an identity of the causes of action. Res judicata applies even if "the prior suits charged different violations of law, alleged different facts, and sought different relief." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999). The doctrine of res judicata exists under the federal common law and bars a claim in a subsequent suit "if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Id.* The same cause of action res judicata test "does not require identity of legal theory or of facts. . ." *Id.* Even though the suit before Judge Leinenweber concerned legal theories and the instant suit is based upon equitable theories, the facts, events, transactions, and circumstances are the same in this case and the case before Judge Leinenweber.

In this case although the doctrine of *res judicata* is apparently applicable we must not forget that the doctrine is an equitable doctrine. *Walsh v. International Longshoremen's Assoc, AFL-CIO, Local 799*, 630 F.2d 864, 875 (1st Cir. 1980). Since the doctrines of equity are based on fundamental notions of fairness a court "is not bound to give res judicata effect to a previous judgment if an inequitable situation would thereby result." *Id.; see also Stewart v. Anderson*, 2000 WL 1741885, at *4 (N.D. Ill. 2000)(stating that a "[c]ollateral estoppel . . . is an equitable doctrine subject to limitations where fairness and justice require."). The instant case is exactly the type of case that the equitable principles are intended to address. Karamuzis does not deny that he received his legal education and he does

not deny that he has not paid for his legal education. Based on a technicality another court ruled that no contract existed between UDE and Karamuzis. We are not disagreeing with Judge Leinenbewer's ruling which merely found that there is no contract between UDE and Karamuzis. However, that does not mean that within the spectrum of quasi-legal remedies and equitable remedies that the United States should not be able to recover the money loaned to Karamuzis that made his education possible. The doctrine of res judicata is based upon the equitable notions. It is not logical that such a doctrine could be used to bar Plaintiff from recovering funds that Karamuzis concedes are owed to it in all fairness.

Karamuzis apparently received a good education at DePaul while the government funded his tuition because he is now able to employ his legal knowledge to try and cheat the government out of its rightful repayment based upon a technicality. Plaintiffs have alleged that Karamuzis has even gone as far as to tell DePaul that he would not repay the amount of the loan even if DePaul took the loan back from UDE, although he had a promissory note with DePaul for repayment. Karamuzis' callous disregard for what is just and right provides a poor example of those engaged in the legal profession. Through the generosity of the federal government and associations such as the Illinois Student Assistance Commission Karamuzis obtained financial assistance for law school. Now that he has his degree he apparently has no qualms about walking away from the sources of his good fortune and ignoring his moral and equitable obligations.

### III. Compulsory Counterclaim

Karamuzis argues that the instant unjust enrichment claims arise out of the same transaction and occurrence as in the suit before Judge Leinenweber. Karamuzis thus argues that the claims in the instant action were compulsory counterclaims pursuant to Federal Rule of Civil Procedure 13(a) and therefore Plaintiff is barred from presenting the claims in the instant action. However, the "usual method by which [Rule 13(a)] is enforced is simply by the plaintiff's pleading res judicata in the defendant's suit." *Asset Allocation and Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 572 (7th Cir. 1989). As we indicated above, the doctrine of *res judicata* is not applicable and therefore, we deny Karamuzis' motion to dismiss.

### CONCLUSION

Based on the foregoing analysis we deny the motion to dismiss.

Samuel Der-Yeghiayán
United States District Court Judge

Dated: March 30, 2004