IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 02 C 7993 |
| ) | |
| ANTHONY KARAMUZIS, DePAUL ) | Judge Leinenweber |
| UNIVERSITY and ILLINOIS STUDENT ) | |
| ASSISTANCE COMMISSION, ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF FILING

To: Michael John McGivern  
Illinois Attorney General's Office  
100 West Randolph Street  
Chicago, Illinois 60601  

Jack Donatelli  
Assistant United States Attorney  
219 South Dearborn Street  
Chicago, Illinois 60604  

PLEASE TAKE NOTICE that on August 18, 2004, I caused to be filed with the Clerk of the Court **DEFENDANT ANTHONY KARAMUZIS' MOTIONS IN LIMINE**, a copy of which are served upon you.

ANTHONY G. KARAMUZIS

By: _____
One of His Attorneys

MICHAEL A. HAUGH
VEVERKA, ROSEN AND HAUGH
Attorneys for ANTHONY G. KARAMUZIS
180 North Michigan Avenue, Suite 900
Chicago, Illinois 60601
(312) 372-3665

## CERTIFICATE OF SERVICE

I, MICHAEL A. HAUGH, upon oath deposes and states that he served the foregoing **DEFENDANT ANTHONY KARAMUZIS' MOTIONS IN LIMINE** by depositing such in the U.S. Mail located at 180 North Michigan Avenue, Chicago, Illinois, this 18th day of August, 2004.

_____
MICHAEL A. HAUGH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | No. 02 CV 7993 |
| v. ) | |
| ) | Honorable Samuel |
| ) | Der-Yeghiayan |
| ANTHONY KARAMUZIS, ) | |
|     Defendant. ) | |

### DEFENDANT KARAMUZIS' MOTIONS IN LIMINE

Defendant, ANTHONY KARAMUZIS, by his undersigned attorneys and pursuant to the Pre-Trial Order herein, hereby moves that this Honorable Court grant the following defense motions in limine:

1. That Plaintiff be barred from arguing or introducing testimony or evidence that a loan ever existed between the Department of Education or the United States and Karamuzis, as this issue has been ruled upon by Judge Leinenweber as a matter of law.

2. That Plaintiff be barred from arguing or introducing testimony or evidence that Karamuzis did not cancel the uncompleted loan application before a loan was established or any payments were made to ISAC or DePaul. As Judge Leinenweber previously ruled, "both parties agree that Karamuzis called and notified in writing to the E.D. of his consolidation withdrawal on April 29, 1999".

3. That Plaintiff be barred from seeking an amount greater than what would have been the payoffs on Karamuzis' loans with ISAC and DePaul as of April 1999.

4. That Plaintiff be barred from presenting any testimony or evidence that ISAC represented to Plaintiff that the payoff for Karamuzis's loan was greater than the actual payoff amount. Such a representation, even if an incorrect amount was provided



by ISAC but relied upon by Plaintiff, is irrelevant to the actual payoff amount Karamuzis owed to ISAC. Such evidence is irrelevant, and would unfairly prejudice Karamuzis, as such a claim by Plaintiff has no basis in law.

5. That Plaintiff be barred from presenting testimony or evidence as to why it made payments to ISAC on April 30, 1999, and DePaul on May 3, 1999, after Plaintiff acknowledged receiving written confirmation from Karamuzis on April 29. 1999 that the incompleted loan application was cancelled; as such evidence is irrelevant to the issues in this matter.

6. That Plaintiff be barred from presenting testimony or evidence of a Loan Summary Statement which Plaintiff alleges that it mailed to Karamuzis on April 7, 1999. Plaintiff cannot argue that Karamuzis was ineligible to cancel a loan as this issue has been ruled upon by Judge Leinenweber as a matter of law. Judge Leinenweber also ruled that Plaintiff unilaterally and wrongfully attempted to change Karamuzis' repayment plan from Income Contingent, and thus any correspondence regarding other forms of repayments plans were irrelevant.

7. That Plaintiff be barred from presenting testimony or evidence relating to Karamuzis' attempt to cancel his loan after payments were made by Plaintiff to ISAC and DePaul. As Judge Leinenweber previously ruled, "both parties agree that Karamuzis called and notified in writing to the E.D. of his consolidation withdrawal on April 29, 1999".

8. That Plaintiff be barred from presenting testimony or evidence of the terms of Karamuzis' uncompleted loan application, as Judge Leinenweber previously

2

ruled that there was no loan between Plaintiff and Karamuzis as a matter of law, and such terms are irrelevant.

9. That Plaintiff be barred from making claims for any amounts without submitting proof of cancelled checks, drafts or transfers of funds to ISAC and DePaul with receipts or acknowledgments.

10. That Plaintiff be barred from presenting any claim against Karamuzis for funds paid to DePaul by Plaintiff, because on April 23, 2003, Judge Leinenweber granted DePaul's motion to dismiss without any objection by the Plaintiff. As Plaintiff has voluntarily chosen to relinquish its claim against Co-Defendant DePaul, the very entity it claims it mistakenly made payments to, it cannot now make a claim of Unjust Enrichment against Karamuzis.

11. That Plaintiff be barred from presenting any affidavits at trial in lieu of witness testimony as such are hearsay documents.

12. That Plaintiff be barred from presenting any testimony or evidence of emails or other correspondence between Katie Butwin of DePaul, and representatives of Plaintiff, or any reference to information contained in such correspondence, as no such emails or correspondence have been produced by Plaintiff in responding to discovery in this matter.

13. That Plaintiff be barred from presenting any testimony or evidence of a promissory note marked "paid in full" sent by DePaul to Karamuzis as there is no evidence any such note exists, Karamuzis denies receiving any such note, and no such note has been produced by Plaintiff in responding to discovery in this matter.

3

14. That Plaintiff be barred from presenting any claim, evidence or testimony for interest on the amounts it allegedly paid to date and as to which it is seeking recovery from Karamuzis as no such claim for interest is provided for by statute or contract.

15. That Plaintiff be barred from presenting any claim, evidence or testimony based upon equitable remedies as it comes to the court with unclean hands. Judge Leinenweber has ruled as a matter of law that Plaintiff materially breached its contract with Karamuzis. Furthermore, Plaintiff acknowledges in its discovery responses that no efforts were made by Plaintiff to seek the funds back it paid to ISAC and DePaul until this litigation. Furthermore, Plaintiff has voluntarily chosen to relinquish its claim against Co-Defendant DePaul. (on April 23, 2003, Judge Leinenweber granted DePaul's motion to dismiss without any objection by the Plaintiff.) No federal or Illinois case supports a claim of Unjust Enrichment where Plaintiff has failed to make attempts to recover its funds from those it actually paid the funds to. Unjust Enrichment actions, and exceptions to *res judicata*, have been allowed by courts, i.e., on the basis of an inequitable situation, only where a Plaintiff has no other appropriate recourse or remedy. This would be the first case to allow such a claim given these circumstances.

16. That plaintiff be barred from asserting a separate standing alone claim of Unjust Enrichment. No federal or Illinois case law supports a factual scenario such as the case at bar whereby a plaintiff is entitled to present such a claim absent a showing of some other cause of action such as fraud or breach of contract.

17. That plaintiff be barred from asserting a separate standing alone claim of Unjust Enrichment as Plaintiff has not "clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason, such as

4

the apparent invalidity of a continuing restraint or condition having a vital relation to personal liberty or the failure of the prior litigation to yield a coherent disposition of the controversy." (Restatement (2d) of Judgments § 26.) No federal or Illinois case supports an exception to mandatory counterclaims on the basis of general fairness without a showing of an extraordinary reason. Plaintiff has not demonstrated any effort to recover the funds it mistakenly paid to ISAC and DePaul other than this lawsuit. Its cause of action, if any, is against the entities it transacted business with, not this defendant who never had any contractual relationship with the plaintiff.

18. That plaintiff be barred from asserting an exception to *res judicata* and collateral estoppel. "Application of both doctrines is central to the purpose for which civil Courts have been established, the conclusive resolution of disputes within their jurisdictions... *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970 (1979). Such precludes parties from contesting matters that they have had a full and fair opportunity to litigate. *Robosevre, Inc. v. Kato Kagaku Company*, 121 F.3d 1027 (7th Cir. 1997). No federal or Illinois case supports an exception on the basis of general fairness where the plaintiff is free to pursue recovery of funds to those it has mistakenly paid.

Dated: August 17, 2004

Respectfully submitted,

ANTHONY KARAMUZIS

By: _____
One of His Attorneys

MICHAEL A. HAUGH, VEVERKA, ROSEN AND HAUGH
Attorney No. 12170
Attorneys for ANTHONY KARAMUZIS
180 North Michigan Avenue, Suite 900
Chicago, Illinois 60601
(312) 372-3665

5