# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7993 | **DATE** | 9/28/2004 |
| **CASE TITLE** | USA vs. Karamuzis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pretrial conference held. For the reasons stated in the attached memorandum opinion, all of defendant's motions in limine are denied. Bench trial set for 10/04/04 to stand. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 29 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW courtroom deputy's initials | | 2004 SEP 29 AM 8:21 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 29 2004

UNITED STATES OF AMERICA, )
 )
        Plaintiff, )
 )
v. ) No. 02 C 7993
 )
ANTHONY KARAMUZIS, DePAUL )
UNIVERSITY, and the ILLINOIS STUDENT )
ASSISTANCE COMMISSION, )
 )
        Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Anthony Karamuzis' ("Karamuzis") motions in limine. For the reasons stated below, we deny all of the motions in limine.

## BACKGROUND

Plaintiff United States of America alleges that Karamuzis applied to the U.S. Department of Education ("UDE") for a federal direct consolidation loan application and promissory note to consolidate his school loans totaling approximately $46,000. Plaintiff alleges that Karamuzis used the loans to finance his legal education. After

the UDE purchased Karamuzis' loan from DePaul University ("DePaul"), DePaul sent a promissory note to Karamuzis marked "paid in full." UDE also purchased a loan from the Illinois Student Assistance Commission ("Commission") and the Commission sent a promissory note to Karamuzis marked "paid in full." Plaintiffs allege that Karamuzis never made a single payment to UDE on the consolidated loan and in May of 2001 Karamuzis filed a claim for injunctive relief to prevent the UDE from taking action against Karamuzis for non-payment. On May 6, 2002, in another action, Judge Leinenweber entered a declaratory judgment indicating that no valid contract existed between Karamuzis and UDE and prohibiting the UDE from attempting to enforce or collect the subject loan. Plaintiff alleges that on August 8, 2002, Karamuzis contacted DePaul and indicated that he would not sign a new promissory note to DePaul and indicated that he would not repay the amount of the loan even if DePaul took the loan back from UDE. Plaintiffs contend that Karamuzis has not made full payment of his law school loans to UDE, DePaul, or the Commission. Plaintiffs bring the instant action based upon the doctrine of unjust enrichment. On March 30, 2004, we denied Karamuzis' motion to dismiss. Neither party in this action filed a dispositive motion and the case is scheduled for trial on October 4, 2004.

## DISCUSSION

Karamuzis has filed a litany of meritless motions in limine. Not only are the motions completely without merit, the motions are also improper because the remedies sought by Karamuzis are not the proper subject matter for motions in limine.

### I. Alledged Prior Rulings

Karamuzis bases several of his in limine motions on alleged prior rulings made by Judge Leinenweber, the prior judge in this action. Karamuzis claims that Judge Leinenweber, the prior judge in this case, already ruled on this issue in favor of Karamuzis. Karamuzis' motion in limine fails to provide anything other than a conclusory statement regarding Judge Leinenweber's alleged prior ruling and Karamuzis' allegation is not supported by the record and he provides no citations to the record. In regards to rulings made by Judge Leinenweber in the instant action, the court record reflects that Judge Leinenweber granted Defendant DePaul's motion to dismiss and Judge Leinenweber conducted a settlement conference. In regards to the motion to dismiss, Judge Leinenweber was merely addressing the sufficiency of the pleadings and was not making any evidentiary rulings at that stage. Karamuzis' attempt to characterize Judge Leinenweber's two sentence dismissal of DePaul as a

ruling on pretrial and evidentiary matters is completely unreasonable. There is no ruling in the court record by Judge Leinenweber or any other judge regarding the admissibility of any evidence at trial. In regards to Judge Leinenweber's ruling on May 6, 2002, in another action, Karamuzis already raised this issue in his motion to dismiss in the instant action which we denied. To the extent that any of his objections are novel, the proper course would have been to include such argument in a dispositive motion, but Karamuzis chose not to file a dispositive motion.

Karamuzis asks the court to bar Plaintiff from introducing testimony or evidence that a loan ever existed between the Department of Education or the United States because Judge Leinenweber previously ruled in his favor. (Mot. Par. 1). Karamuzis asks the court to bar evidence indicating "that Karamuzis did not cancel the uncompleted loan application before a loan was established or any payments were made to ISAC or DePaul." (Mot. Par 2). Karamuzis again argues that Judge Leinenweber ruled on the issue previously. Karamuzis asks the court to bar evidence of a loan summary statement that was allegedly mailed to Karamuzis because Judge Leinenweber allegedly ruled previously in Karamuzis' favor. (Mot. Par. 6). Karamuzis asks the court to bar evidence relating to Karamuzis' attempt to cancel the loan, because, according to Karamuzis, Judge Leinenweber previously ruled in Karamuzis' favor on the issue. (Mot. Par. 7). Karamuzis asks the court to

4

bar evidence of the terms of Karamuzis' uncompleted loan application because, according to Karamuzis, Judge Leinenweber allegedly previously ruled in Karamuzis' favor on the issue. (Mot. Par. 8). Karamuzis asks the court to bar evidence relating to any claim against Karamuzis for funds paid to DePaul because, according to Karamuzis, Judge Leinenweber previously ruled on the issue in Karamuzis' favor. (Mot. Par. 10). We deny all of the above objections because there is no record of any such rulings by Judge Leinenweber. Karamuzis has also failed to properly support his instant motions with any citation to the record or to a hearing transcript. We need not scour the record to support Karamuzis' claims and he has utterly failed to do so on his own. In regards to the ruling made in the prior action, such issues were addressed in our ruling on the motion to dismiss.

## II. Amount of Recovery

Karamuzis asks the court to bar Plaintiff from "seeking an amount greater than would have been the payoffs on Karamuzis' loans with ISAC and DePaul as of April 1999." (Mot. Par. 3). Arguments regarding the proper amount of recovery are not properly before the court at this stage and should be resolved at trial after a full presentation by both parties. Therefore, we deny the motion in limine to limit Plaintiff's recovery.

## III. Relevancy and Prejudice Objections

Several of Karamuzis' motions in limine are based on Karamuzis' claim that certain evidence is irrelevant and/or would be unduly prejudicial to Karamuzis if admitted. Karamuzis asks the court to bar evidence that indicates the payoff for the loan was greater than the actual payoff amount because the evidence would be irrelevant and would be unduly prejudicial. (Mot. Par. 4). Karamuzis asks the court to bar evidence indicating why Plaintiff "made payments to ISAC on April 30, 1999, and DePaul on May 3, 1999. . . " because the evidence is irrelevant and unduly prejudicial. The scope of relevancy is broad. We disagree that the evidence mentioned in these motions in limine or in any of Karamuzis' motions in limine is irrelevant and do not find that the evidence would be unduly prejudicial to Karamuzis.

## IV. Amounts of Money and Affidavits at Trial

Karamuzis asks the court to bar any reference to amounts of money at trial by Plaintiff without the submission of proof of cancelled checks, drafts, or transfers of funds. (Mot. Par. 9). Karamuzis also asks the court to bar all affidavits at trial in lieu of witness testimony because such documents would be hearsay. (Mot. Par. 11). These objections are far too general and vague to be summarily ruled on in a motion

6

in limine. Objections to evidence regarding amounts of money and regarding affidavits and hearsay objections may be made at trial on a case-by-case basis. Therefore, we deny the motion to bar reference to amounts of money by Plaintiff and deny the motion to bar affidavits at trial.

V. Evidence of Correspondence and Promissory Note

Karamuzis asks the court to bar evidence of correspondence between Katie Butwin of DePaul and Plaintiff and to bar evidence regarding a promissory note marked "paid in full" sent by DePaul to Karamuzis. (Mot. Par. 12, 13). Karamuzis argues that no such correspondence was produced during discovery and the note was not produced during discovery. Simply because the correspondence and the note were not produced during discovery does not preclude the introduction of other evidence referring to such matters if Plaintiff was forthcoming during discovery and Karamuzis had the opportunity to depose Plaintiff's witnesses. Karamuzis' objections are too general and he can make objections at trial on a case-by-case basis. Therefore, we deny the motion to bar all evidence relating to the correspondence and the promissory note.

VI. Amounts of Interest Paid and Unjust Enrichment Claim

Karamuzis asks the court to bar evidence of the amounts of interest allegedly paid to date that Plaintiff is seeking as recovery because such a recovery is not allowed under the law. (Mot. Par. 14). Karamuzis also asks the court to bar evidence relating to a "standing alone claim" of unjust enrichment. (Mot. Par. 16, 17). If Karamuzis believes that interest is not allowed and such claims are unavailable to Plaintiff as a matter of law, then the proper course would have been to file a dispositive motion on the issue. Dispositive motions rather than motions in limine are intended to weed out the meritless legal claims prior to trial. Karamuzis filed no such dispositive motions and chose to proceed to trial. If evidence relating to such matters is presented at trial Karamuzis may object on a case-by-case basis and must provide an evidentiary reason for each objection. Therefore, we deny the motion to bar evidence of the amount of interest paid.

## VII. Equitable Defenses

Karamuzis asks the court to bar any "claim, evidence, or testimony" based on his equitable defenses such as unclean hands and based on a prior ruling by Judge Leinenweber. (Mot. Par. 15). First of all, Karamuzis' reference to "claim, evidence, or testimony" is too vague to merit consideration. Secondly, there is no record of such a ruling by Judge Leinenweber. Third Karamuzis is improperly attempting to

argue his case in chief in his motion in limine. Therefore, we deny the motion to bar evidence based on equitable defenses.

VIII. Res Judicata, Collateral Estoppel, and All Objections

Karamuzis asks the court to bar Plaintiff from arguing that the doctrines of *res judicata* and collateral estoppel apply in the instant action. In regards to this objection, as with all of the above mentioned motions in limine, a denial is warranted because Karamuzis is improperly attempting to argue the merits of his case and is seeking to preclude Plaintiff from presenting its case. Such matters are not within the purview of motions in limine. Therefore, we deny the motion to bar Plaintiff from arguing that the doctrines of *res judicata* and collateral estoppel apply and we deny all of the above motions for the same reason.

## CONCLUSION

Based on the foregoing analysis, we deny all of Karamuzis' motions in limine.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 28, 2004